## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE  DIVISION

| | |
|---|---|
| **BRANCE SONNIER and** **TEDDY SONNIER** | **CIVIL ACTION NO.**_____ |
| **Plaintiffs** | **JUDGE**_____ |
| **V** | |
| **LOUIS M. ACKAL, SHERIFF OF** **IBERIA PARISH,** **IBERIA PARISH SHERIFF'S** **OFFICE and SHERIFF'S DEPUTY** **LUCAS PLAUCHE** | **MAG.  JUDGE**_____ |
| **Defendants** | **JURY TRIAL DEMANDED** |

_____

## COMPLAINT

The Complaint of BRANCE SONNIER and TEDDY SONNIER persons of the full age of majority who herein respectfully show:

### JURISDICTION and VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331(Federal Question) and 28 U.S.C. §1343 (Civil rights)  Plaintiffs invoke the supplemental  jurisdiction of the court to hear and decide plaintiffs' Louisiana State Law claims pursuant to 28 U.S.C. §1367 (a).

2. Venue is proper under 28 U.S.C. §1391 (b) as the Defendants are located, and the events giving rise to Plaintiffs' claims occurred within the boundaries of this judicial district.

### PARTIES

Plaintiffs herein are:

1

3. BRANCE SONNIER, a resident and domiciliary of New Iberia, Louisiana, and a citizen of the United States of America.

4. TEDDY SONNIER, a current resident and domiciliary of Ho Chi Minh City of Vietnam, and also a citizen of the United States of America.

Made defendants herein are:

5. LOUIS M. ACKAL, Sheriff, the governing authority, decision maker for the Iberia Parish Sheriff's Office, who, pursuant to the custom and usage, deprived plaintiff of his rights secured by the United States Constitution in violation of 42 U.S.C. § 1983. He is being sued in his individual capacity and in his official capacity as the Sheriff of Iberia Parish. Upon information and belief, he is a resident of Iberia Parish, Louisiana, and can be served at 300 Iberia Street, Room 120, New Iberia, Louisiana 70560, and;

6. IBERIA PARISH SHERIFF'S OFFICE, a  Louisiana Political Entity organized under the laws of the State of Louisiana. IBERIA PARISH SHERIFF'S OFFICE is sued pursuant to 42 U.S.C §1983 and pursuant to the doctrine of respondeat superior on the pendant State Law Claims. IBERIA PARISH SHERIFF'S OFFICE is domiciled in the Parish of Iberia, State of Louisiana, and can be served through the Sheriff, Louis Ackal, at 300 Iberia Street, Room 120, New Iberia, Louisiana 70560, and;

7. CORPORAL LUCAS PLAUCHE (hereinafter, sometimes referred to as CORPORAL PLAUCHE or PLAUCHE), a sheriff's deputy with the IBERIA PARISH SHERIFF'S OFFICE, who, at the times of the occurrence described herein, was employed as a law enforcement officer for the Iberia Parish Sheriff's Office and acting within the course and scope of his employment for purposes of State Law, and under color of State Law, for purposes of Federal Law. CORPORAL PLAUCHE

2

is a citizen of the State of Louisiana and the United States of America. He is being sued in his individual capacity and in his official capacity as an Iberia Parish Sheriff's deputy. He is being sued pursuant to 42 U.S.C §1983 and on the pendant State Law Claims and upon information and belief, he is domiciled in Iberia Parish, Louisiana, and can be served at 300 Iberia Street, Room 120, New Iberia, Louisiana 70560 .

## INTRODUCTION

8. This is an action brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' Fourth and Fourteenth Amendment rights as secured by the United States Constitution as well as other pendant State Law claims as are discussed in further detail below.

9. At all times relevant hereto and in all actions described herein, Defendants, LOUIS ACKAL and CORPORAL PLAUCHE acted under color of state law and under the color of the laws, statutes, ordinances, regulations, policies customs and usages of the State of Louisiana, and its political subdivisions.

10. At all times relevant hereto and in all actions described herein, Defendant, CORPORAL PLAUCHE acted within the course and scope of his employment with the Iberia Parish Sheriff's office.

## FACTS

11. Records obtained in response to Plaintiffs' Freedom of Information Act (FOIA) request state that, on the morning of August 28, 2015, Plaintiffs' neighbor (who lived at 116 Cestia Drive, New Iberia, Louisiana) called 911 to report a loose dog at 110 Cestia Drive (plaintiff's residence). The caller reported that the dog was loose in plaintiff's yard and that she didn't, "know where it will go."

3

12. Defendant, CORPORAL LUCAS PLAUCHE, was dispatched to scene.

13. Defendant PLAUCHE'S body camera video shows Plaintiffs' dog, Tank, a 2 ½ year old Presa Canario,  in plaintiffs' yard at 110 Cestia Drive.

14. When CORPORAL PLAUCHE came upon the scene neither plaintiff, Brance Sonnier, nor any other residents, were home.

15. Defendant's body camera video shows that when CORPORAL PLAUCHE approached Tank, Tank ran in the opposite direction, all the while remaining in his own yard.

16. Defendant's body camera video shows that upon approaching Tank, CORPORAL PLAUCHE exclaimed, "Dog, you're about to die, you understand me? You're about to die."

17. Although the dog was not a threat to officer safety, CORPORAL PLAUCE called Deputy Chris Richard  for assistance.

18. Body camera video from defendant shows CORPORAL PLAUCHE and Deputy Richard approach Tank, who, simply barked at the officers, and ran in the opposite direction, all while remaining in his own yard.

19 Plaintiffs also received Body camera video from Deputy Richard, but said footage was only 2 minutes in length before it appears to have been shut off.

20. The footage from defendant PLAUCHE'S body camera was approximately 25 minutes in length before it appears to have been shut off. The footage shows Tank remaining in his own yard, maintaining a large distance from the officers, and never growling, snarling or making aggressive movements toward the officers or others.

21. Upon information and belief, CORPORAL PLAUCHE and Deputy Richard purposefully turned off their respective body cameras.

22. Thereafter, upon information and belief, CORPORAL PLAUCHE requested additional assistance from Sergeant Gregory Pete and Corporal Brad Leblanc who also arrived on the scene.

23. Upon information and belief, the officers set a perimeter around plaintiff's yard to keep the dog confined to the property.

24. Upon information and belief, thereafter, Animal Warden Wesley Lanceslin arrived on the scene to assist the officers in getting the dog into a kennel located on the property.

25. According to PLAUCHE'S written report, he intended to open the gate to the kennel and place Tank inside, while Lanceslin was equipped with a catch pole, "just in case."

26. FOIA records indicate that, while approaching the kennel,  PLAUCHE discharged  his service weapon and shot Tank in the left eye, immediately killing the dog.

27. FOIA records indicate that, PLAUCHE had been on the scene for nearly an hour before he shot and killed Tank.

28. Upon information and belief, Warden Lanceslin took custody of Tank's remains and placed them into the rear of his truck.

29. At approximately 6:20 p.m. plaintiff, Brance Sonnier informed Corporal Lucas Plauche via text message, that he wished to retrieve Tank's remains.

30. At approximately 9:45 p.m. a 'preservation of evidence' letter was sent to the Iberia Parish Sheriff's office and Iberia Parish Animal Control requesting preservation of all evidence including the remains of Tank.

31. Upon information and belief, Tank's remains were destroyed in spite of the requests for preservation.

32. There was no justifiable cause for CORPORAL PLAUCHE to discharge his firearm or

use deadly force upon Tank.

33. CORPORAL PLAUCHE could have employed non-lethal methods to restrain Tank rather than shooting and killing, but he neither attempted nor exhausted such methods. What's more, Warden Lanceslin was on the scene with a catch pole, but, upon information and belief, that method was never utilized.

34. Tank  was a 2 ½ year old Presa Canario dog who lived at plaintiff, BRANCE SONNIER'S home and was owned and cared for by both BRANCE SONNIER and TEDDY SONNIER.

35. Tank had first class pedigree and was product of champion bloodlines.

36. In addition to being a family pet and companion, Tank was also used for breeding purposes.

37. Most recently, Tank produced his first litter in November of 2014, and was poised  to breed again in October 2015 and November 2015, before he was shot and killed.

38. Tank had never shown aggression to any person and was a companion animal to BRANCE SONNIER and his family.

39. Tank had not bitten or attacked anyone on the date of the incident in question.

40. Tank was in his own yard when he was shot and killed.

41. CORPORAL PLAUCHE knew that he was responding to a dog-at-large call and was not surprised by Tank's presence.

42. Plaintiffs' property was damaged by an intentional act at the hands of CORPORAL PLAUCHE.

43. Upon information and belief, the IBERIA PARISH SHERIFF'S OFFICE and its decision

maker, LOUIS M. ACKAL, with deliberate indifference, gross negligence, and reckless disregard to the rights of the plaintiffs, and all persons similarly situated, maintained, enforced, tolerated, permitted, and applied policies, practices, or customs and usages of (including but not limited to) subjecting citizens to unreasonable seizures by maintaining a custom of tolerating employee-responders unreasonably using deadly force against loose dogs and also by failing to adequately train, supervise, and equip employee-responders to properly handle dog/animal encounters.

44. CORPORAL PLAUCHE acted unreasonably under the circumstances by resorting to lethal force.

45. CORPORAL PLAUCHE's unreasonable action is wholly or partially a result of the Defendants, Sheriff ACKAL and the IBERIA PARISH SHERIFFS' OFFICE custom of tolerating employee-responders unreasonably using deadly force against loose dogs and failure to train and/or equip CORPORAL PLAUCHE to properly handle dog/animal encounters without the use of lethal force.

46. Upon information and belief, Defendants, Sheriff ACKAL and the IBERIA PARISH SHERIFFS' OFFICE had a policy, practice, or custom of  tolerating employee-responders unreasonably using deadly force against loose dogs and failing to train or failing to adequately train its officers regarding use of lethal force and handling dog/animal encounters.

**DAMAGES**

47. Plaintiffs, BRANCE SONNIER and TEDDY SONNIER suffered and continue to suffer from mental and emotional distress caused by the intentional actions of the defendants. Plaintiffs itemize their damages in the following particulars, to-wit:

(A) Loss of property;

7

(B) Past, present, and future mental and emotional pain, anguish, and distress;

(C) Future loss of earnings by the inability to breed Tank, including income from his litters, and his stud/breeding fee.

48. The individual defendant, COPRORAL PLAUCHE's actions were reckless, showed callous indifference toward the rights of the Plaintiffs and were taken in the face of a perceived risk that the actions would violate federal law. Thus, plaintiffs are entitled to an award of punitive damages against the defendant PLAUCHE in his individual capacity.

### CLAIMS FOR RELIEF

### COUNT I- 42 U.S.C. §1983
### Fourth Amendment- Illegal Seizure

49. Each of the foregoing paragraphs is incorporated as if restated fully herein.

50. The killing of a family pet by law enforcement officers constitutes a seizure and is subject to the provisions of the Fourth Amendment to the Constitution of the United States.

51. The foregoing wrongful acts of the defendants, acting under color of State law, resulted in the death of Tank and in violation of Plaintiffs' rights guaranteed by the Fourth and Fourteenth Amendments to the constitution of the United States.

52. CORPORAL PLAUCHE's actions in killing Tank were unreasonable and in violation of Plaintiffs' rights guaranteed by the Fourth and Fourteenth Amendments to the constitution of the United States.

53. As a direct and proximate result of CORPORAL PLAUCHE's illegal seizure, and the other wrongful acts of the defendants, LOUIS M. ACKAL and IBERIA PARISH SHERIFF'S OFFICE, Plaintiffs suffered injury, including emotional anguish, pain, suffering, fear, apprehension, depression, anxiety, loss of enjoyment of life, the loss of their beloved dog, Tank, and his

8

companionship.

54. It was unreasonable for CORPORAL PLAUCHE to investigate a dog at large without other non- lethal means of capturing and securing the animal and by failing to utilize the catch pole that was on scene.

55. The acts of CORPORAL PLAUCHE were intentional, wanton, malicious, oppressive, reckless , outrageous, and/or callously indifferent to the rights of plaintiffs, thus entitling them to an award of punitive damages against defendant Plauche.

56. Upon information and belief, the IBERIA PARISH SHERIFF'S OFFICE and its decision maker, LOUIS M. ACKAL, with deliberate indifference, gross negligence, and reckless disregard to the rights of the plaintiffs, and all persons similarly situated, maintained, enforced, tolerated, permitted, and applied policies, practices, or customs and usages of (including but not limited to), subjecting people to unreasonable seizures of their property and failed to adequately train, supervise, and equip employees to properly handle dog/animal encounters.

57. As a result of Defendants' unlawful actions and infringements of his protected rights, plaintiffs have been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. 1988.

## COUNT II- State Law Claim
### Conversion

58. Each of the foregoing paragraphs is incorporated as if restated fully herein.

59. Plaintiffs, BRANCE SONNIER, TEDDY SONNIER, and CHASE SONNIER were the lawful co-owners of TANK.

60. Defendant, CORPORAL PLAUCHE, took possession and control of Tank by

intentionally killing him.

61. As a result, CORPORAL PLAUCHE deprived plaintiffs of their right to possession of Tank.

## COUNT III- State Law Claim
### Respondeat Superior

62. Each of the foregoing paragraphs is incorporated as if restated fully herein.

63. In committing the acts alleged in the preceding paragraphs, CORPORAL PLAUCHE was employed by Sheriff LOUIS M. ACKAL and the IBERIA PARISH SHERIFFS' DEPARTMENT and thereby acting as an agent of the IBERIA PARISH SHERIFF'S OFFICE.

64. In committing the acts alleged in the preceding paragraphs, CORPORAL PLAUCHE was, at all times pertinent herein, in the course and scope of his employment with IBERIA PARISH SHERIFF'S OFFICE.

65. Defendant, IBERIA PARISH SHERIFF'S OFFICE, is liable as principal for all acts/omissions committed by its agents and employees.

66. The actions of the individual defendants caused plaintiffs to suffer the damages outlined herein.

## COUNT IV-State Law Claim
### Negligent Training And Supervision

67. Each of the foregoing paragraphs is incorporated as if restated fully herein.

68. Plaintiffs allege that LOUIS M. ACKAL and the IBERIA PARISH SHERIFF'S OFFICE failed to properly train and/or supervise its officers, including CORPORAL PLAUCHE with respect to handling animal encounters, thereby resulting in the subject incident.

69. As described in the preceding paragraphs, plaintiff alleges that LOUIS M. ACKAL and

10

the IBERIA PARISH SHERIFF'S OFFICE failed to adequately train and/or instruct officers, including CORPORAL PLAUCHE, in the management, risks, and procedures involved in an animal encounter incident and use of deadly force.

70. As described in the preceding paragraphs, plaintiff alleges that LOUIS M. ACKAL and the IBERIA PARISH SHERIFF'S OFFICE failed to institute a policy and/or procedures concerning animal encounters and use of deadly force, and to train and/or instruct officers in such policy and/or procedures.

71. As a result of the aforementioned, Plaintiffs have suffered emotional injuries and damages due to the loss of their pet and property.

## COUNT V
### Intentional Infliction of Emotional Distress

72. Each of the foregoing paragraphs is incorporated as if restated fully herein.

73. Defendants' conduct herein was extreme and outrageous.

74. Defendants' actions described herein were intentional or reckless

75. Defendants' actions described herein cause Plaintiffs severe emotional distress.

### MISCELLANEOUS

76. Plaintiffs show that the incident described herein was solely caused by, either individually or in concert, by the actions/inaction and/or negligence of the defendants, LOUIS M. ACKAL, IBERIA PARISH SHERIFF'S OFFICE, and CORPORAL PLAUCHE.

77. Plaintiffs desire and pray for a jury trial on all issues

78. Defendants, LOUIS M. ACKAL, IBERIA PARISH SHERIFF'S OFFICE and CORPORAL LUCAS PLAUCHE are liable unto plaintiffs, BRANCE SONNIER, and TEDDY SONNIER, for reasonable damages, together with legal interest thereon from date of judicial demand

until paid, and for all reasonable costs associated with this litigation and proceedings.

79. Plaintiffs are entitled to an award of compensatory damages against the individual Defendants, LOUIS M. ACKAL and CORPORAL PLAUCHE in their individual capacity under 42 U.S.C.§ 1983.

80. Plaintiffs are entitled to punitive damages against the individual defendants, because their acts were reckless and showed callous indifference toward the rights of the Plaintiffs.

81. Under 42 U.S.C. § 1988 if Plaintiffs are the prevailing party in this litigation, they will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, plaintiffs praythat after all due proceedings had:

There be a judgment in favor of plaintiffs, BRANCE SONNIER, and TEDDY SONNIER and against defendants, LOUIS M. ACKAL, IBERIA PARISH SHERIFF'S OFFICE and CORPORAL LUCAS PLAUCHE for such sums as are reasonable in the premises, together with interest thereon at the legal rate from the date of judicial demand until paid, including as reasonable costs associated with this litigation and proceedings.

FURTHER PRAY for all other general and equitable relief in the premises.

Respectfully submitted,
/s/ Alyson Vamvoras Antoon
Alyson Vamvoras Antoon - # 34131
ANTOON LAW FIRM, LLC.
1111 Ryan St.
Lake Charles, LA 70601
Telephone: (337) 936-4365
Facsimile: (337) 433-1622
Alyson@antoonlawfirm.com
ATTORNEY FOR PLAINTIFFS

Respectfully submitted,
/s/ Michael N. Antoon

12

/s/Michael N. Antoon -33503
ANTOON LAW FIRM L.L.C.
1111 Ryan St.
Lake Charles, LA 70601
Telephone: (337) 564-6919
Facsimile: (337) 433-1622
mantoon@antoonlawfirm.com
ATTORNEY FOR PLAINTIFFS